Mathew K. Higbee, Esq. SBN 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8373
(714) 597-6559 facsimile
Email: mhigbee@higbee.law

*Attorney for Plaintiff,*
TAMARA WILLIAMS,

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>BVWMA, P.C. d/b/a Belle Vie Wellness and Medical Aesthetics and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. 2:24-cv-2150<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**(1) COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Tamara Williams, alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

2. This Court has subject matter jurisdiction over Plaintiff's claim for

1
**COMPLAINT**

copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This court has personal jurisdiction over Defendant because Defendant's acts of infringement complained of herein occurred in the state of California, Defendant's acts of infringement were directed towards the state of California, Defendant caused injury to Plaintiff within the state of California, and Defendant has a physical presence in the state of California.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## **PARTIES**

5. Plaintiff Tamara Wareka p/k/a Tamara Williams ("Williams") is an individual and professional photographer by trade.

6. Defendant, BVWMA, P.C. d/b/a Belle Vie Wellness and Medical Aesthetics ("Belle Vie" or "Defendant") is a California professional stock corporation with a principal place of business in Cerritos, California.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are

ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

8. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of the Defendants named in this caption.

## **FACTUAL ALLEGATIONS**

9. Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for her natural and clean portraiture featured on her highly popular Instagram account @tamarawilliams, which has amassed almost 600,000 followers.

10. Williams' work has been featured in top publications such as *Vogue, Harper's Bazaar, Marie Clare, Elle, L'Officiel, Glamour, Cosmopolitan, Maxim*, and many more. Additionally, her work has been used commercially by brands such as NARS, KKW, Fenty, and Benefit.

11. Tamara Williams' livelihood depends on receiving compensation for the photographs she produces, and the copyright protection afforded to Tamara Williams' work deters would-be infringers from copying and profiting from his work without permission.

12. Tamara Williams is the sole author and exclusive rights holder to four close-up beauty photographs which are the subject of this suit ("Jeanni Photograph,"

"Belle Photograph 1," "Belle Photograph 2," and "Candice Photograph," referred to collectively as "the Beauty Photographs").

13. Attached hereto as Exhibit A is a true and correct copy of Jeanni Photograph.

14. Attached hereto as Exhibit B is a true and correct copy of Belle Photograph 1.

15. Attached hereto as Exhibit C is a true and correct copy of Belle Photograph 2.

16. Attached hereto as Exhibit D is a true and correct copy of Candice Photograph.

17. Tamara Williams registered Jeanni Photograph and the Belle Photograph 2 with the United States Copyright Office under Registration Number VA 2-116-904 with an Effective Date of Registration of August 23, 2018.

18. Attached hereto as Exhibit E is a true and correct copy of Registration Certificate VA 2-116-904.

19. Tamara Williams registered Belle Photograph 1 with the United States Copyright Office under Registration Number VA 2-116-919 with an Effective Date of Registration of August 23, 2018.

20. Attached hereto as Exhibit F is a true and correct copy of the Registration Certificate VA 2-116-919.

21. Tamara Williams registered Candice Photograph with the United States Copyright Office under Registration Number VA 2-114-447 with an Effective Date of Registration of August 2, 2018.

22. Attached hereto as Exhibit G is a true and correct copy of Registration Certificate VA 2-114-447.

23. According to its Website, Belle Vie is a medical spa operating two locations in Cerritos, California and Costa Mesa, California that provides various treatments including botox, scupltra, fillers, chemical fillers, among many others. *See generally* https://www.belleviemedical.com/.

24. Belle Vie manages, operates, and controls the Instagram account @belleviemedical https://www.instagram.com/belleviemedical/?hl=en ("Defendant's Instagram Account").

25. On information and belief, Defendant's Instagram account generates content in order to promote Defendant(s)' products and services, attract social media followers and user traffic to the Defendant's main webpage, and generate profit and revenue for the company and its owner(s).

26. On or about July 29, 2022, Tamara Williams discovered her Jeanni Photograph copied and published on Defendant's Instagram Page with the caption "One last chance- one hour left to participate in our HA5 and light peel giveaway! Purchase a product from our website, comment what you got here to enter! Share for extra entries" ("Jeanni Infringement").

27. Attached hereto as Exhibit H are true and correct screenshots of Defendant's Instagram account showing Jeanni Infringement.

28. On or about July 28, 2022, Tamara Williams discovered her Belle Photograph 1 copied and published on Defendant's Instagram account with the caption "DSCR DAY 6 GIVEAWAY! . . . ." ("Belle 1 Infringement").

29. Attached hereto as Exhibit I is a true and correct screenshot of Defendant's Instagram account showing Belle 1 Infringement.

30. On or about July 28, 2022, Tamara Williams discovered her Belle Photograph 2 copied and published on Defendant's Instagram account with the caption "DSCR DAY 5 GIVEAWAY! . . . ." ("Belle 2 Infringement").

31. Attached hereto as Exhibit J is a true and correct screenshot of Defendant's Instagram account showing Belle 2 Infringement.

32. On or about July 28, 2022, Tamara Williams discovered her Candice Photograph copied and published on Defendant's Instagram account with the caption "L U M I V I V E. These infographics will be the key to winning today's giveaway . . . ." ("Candice Infringement").

33. Attached hereto as Exhibit K is a true and correct screenshot of Defendant's Instagram account showing Candice Infringement.

34. Jeanni Infringement, Belle 1 Infringement, Belle 2 Infringement, and Candice Infringement shall be referred to collectively as "Infringing Posts."

35. Tamara Williams has never at any point granted Belle Vie a license or other permission to copy, display, distribute, or otherwise use the Beauty Photographs in the Infringing Posts on Defendant's Instagram account or elsewhere.

36. Belle Vie, including its employees, agents, contractors, or others over whom it has responsibility and control, copied and uploaded the Beauty Photographs to Defendant's Instagram account without Tamara Williams' consent or authorization.

37. Soon after discovering the Infringing Posts, Tamara Williams, through counsel, reached out to Defendant to have the Beauty Photographs removed and to attempt to resolve this matter without court intervention, but the parties were unable to come to an agreement.

38. Tamara Williams has never at any point given Belle Vie a license or other permission to display, copy, distribute or otherwise use the Beauty Photographs in the Infringing Posts on Defendant's Instagram account or on any other website or platform.

39. Belle Vie (including its employees, agents, contractors or others over whom it has responsibility and control) copied and uploaded the Beauty Photographs to Defendant's Instagram Account without Tamara Williams' consent.

40. On information and belief, Defendant's use of the Beauty Photographs was deliberate and willful because it knew or should have known that it did not purchase a license to use the Infringed Images on Defendant's Instagram Account or in any other way.

**CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101** *et seq*

41. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

42. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Beauty Photographs.

43. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Beauty Photographs in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Infringed Images of the Plaintiff without Plaintiff's consent or authority, by using them in the Infringing Posts and failing to remove the Beauty Photographs when notified of the misuse.

44. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000 pursuant to 17 U.S.C. § 504(c).

45. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

46. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

47. Defendant(s)—including its employees, agents, contractors or others over

whom it has responsibility and control—copied and uploaded the Infringed Images to Defendant's Instagram account without Tamara Williams' consent or authorization.

48. Belle Vie (including its employees, agents, contractors or others over whom it has responsibility and control) willfully uploaded the Beauty Photographs onto Defendant's Instagram account because Belle Vie knew it did not have permission to use the Infringed Images.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Infringed Images by copying, displaying, and distributing it without a license or consent;

- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For pre judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated: March 15, 2024                     Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Bar No. 24076924
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8373
(714) 597-6559 facsimile
*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff Tamara Williams hereby demands a trial by jury in the above matter.

Dated:     March 15, 2024              Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8373
(714) 597-6559 facsimile
*Counsel for Plaintiff*